MATTEI, DEMANDANTE Y APELANTE, *v.* BADILLO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en un caso sobre *injunction* para recobrar la posesión material de propiedad inmueble.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1109.—Resuelto en abril 8, 1914.

INJUNCTION PARA RECOBRAR LA POSESIÓN—TÉRMINO PARA APELAR CONTRA LA RESOLUCIÓN DEFINITIVA.—La resolución que pone término a un procedimiento de *injunction* para recobrar la posesión de propiedad inmueble establecido por la Ley No. 43 de marzo 13, 1913, tiene el carácter de sentencia y el término para apelar contra ella es de 30 días, no siendo de aplicación el término de 10 días que señala el párrafo 3 del artículo 295 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Luis Montalvo Guenard.*

Abogado del apelado: *Sr. Juan B. Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Está sometida a nuestra consideración una moción presentada por la representación del demandado y apelado Teodoro Badillo, para que se desestime recurso de apelación interpuesto por la demandante Luisa Matei Viuda de Campos contra sentencia dictada en el presente caso por la Corte de Distrito de Aguadilla en 18 de diciembre del año próximo

pasado, y se alega como fundamento de la moción que el re-
curso fué interpuesto en 17 de enero del corriente año, cuando
ya había transcurrido el término de 10 días que señala el artí-
culo 295 del Código de Enjuiciamiento Civil en su párrafo
3°. para apelar contra una providencia concediendo o dene-
gando un *injunction.* No tiene razón el peticionario.

Resulta de autos que la demandante solicitó de la Corte
de Distrito de Aguadilla un *injunction* contra el demandado
para recobrar la posesión material de cierto terreno, acogién-
dose al procedimiento establecido por la Ley No. 43 de 13
de marzo de 1913, para recobrar la posesión de propiedad in-
mueble, y que seguido el juicio en la forma prevenida por
dicha Ley, recayó sentencia en la fecha ya expresada decla-
rando no haber lugar a conceder el *injunction,* y reserván-
dose a las partes el derecho que pudiera corresponderles con
relación a la propiedad del terreno, siendo ésta la sentencia
apelada.

Como se ve, el *injunction* de que se trata no se solicitó
como remedio incidental o subordinado a algún otro remedio
principal que se reclamara en el procedimiento, sino que fué
solicitado como un remedio especial y único sin subordina-
ción a otro alguno, y la resolución que denegó dicho remedio
no puede considerarse como una providencia denegatoria
del *injunction,* sino como una sentencia dictada en un pro-
cedimiento especial que decidió sobre los derechos de las
partes.

La providencia concediendo o anulando un *injunction,* ne-
gándose a conceder o anular un *injunction,* a que se refiere
el número 3 del artículo 295 del Código de Enjuiciamiento
Civil, es aquella que recae sobre *injunction* solicitado inci-
dentalmente en un pleito o acción, y respecto de ella es que
la ley señala el término de 10 días para interponer recurso
de apelación. La resolución que pone término a un procedi-
miento de *injunction* no incidental o accesorio, sino principal,
como sucede en el presente caso, es una verdadera sentencia
semejante a la que pudiera recaer en cualquier otro pleito

o procedimiento, y contra ella el término para apelar es de 30 días.

El recurso ha sido interpuesto dentro del término legal, y procede desestimar la moción.

*Denegada la moción.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.