Núm. 8629.—Rivera, apldo. *v.* Colón, aplte.—C. D. Ponce. *Injunction.* Diciembre 22, 1942.

(Por la Corte, a propuesta del Juez Asociado Sr. De Jesús.)

Por cuanto, la sentencia que declaró con lugar la demanda de *injunction* para recobrar la posesión en este caso dictada fué notificada al demandado por conducto de su abogado y archivada copia de la notificación con los autos el día 22 de septiembre de 1942;

Por cuanto, el escrito de apelación para ante este Tribunal fué archivado en la corte inferior el 5 de octubre siguiente, o sea trece días después de notificada la sentencia;

Por cuanto, la transcripción de evidencia fué aprobada por el juez inferior el 9 de noviembre de 1942 y el récord en apelación fué archivado en la Secretaría de este Tribunal el 13 del mismo mes, es decir, cuatro días después de aprobada la transcripción de evidencia por el juez inferior;

Por cuanto, el apelado presentó en este Tribunal, con fecha 23 de octubre y 12 de noviembre de 1942 respectivamente dos mociones solicitando la desestimación del recurso, la primera fundada en que el escrito de apelación no se radicó dentro de los diez días de notificada la sentencia, y la segunda en el motivo adicional de no haberse archivado en este Tribunal el legajo de sentencia dentro de los diez días de haberse archivado el escrito de apelación;

Por cuanto, señalada la vista de dichas mociones, no comparecieron las partes, archivando el apelante un memorándum en oposición a la desestimación solicitada;

Por cuanto, este Tribunal, en *Mattei v. Badillo,* 20 D.P.R. 247, y en *West India Oil Co. (P. R.)* v. *De Castro,* 52 D.P.R. 521, citados por el apelante, resolvió que el término para apelar de una sentencia final en pleitos de *injunction* para recobrar la posesión es de treinta días a partir de la notificación de la sentencia, no siendo de aplicación el término de diez días que señala el párrafo 3 del artículo 295 del Código de Enjuiciamiento Civil como alega el apelante;

Por cuanto, el artículo 299 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 111, aprobada el 5 de mayo de 1939 (pág. 575), invocado por el apelante, expresamente prescribe que el récord completo de la apelación deberá ser archivado por el Secretario de la Corte de Distrito en la Secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado por la corte inferior la transcripción de evidencia o la exposición del caso y pliego de excepciones, cuando esto último procediere, por

lo que claramente resulta que el récord en apelación en este caso, al igual que el escrito de apelación, fueron archivados dentro del término que señala la ley.

Por TANTO, a las referidas mociones del apelado, no ha lugar.